23 C.C.P.A. (Patents)

## In re ADAMS.

### Patent Appeals No. 4435.

Court of Customs and Patent Appeals.

Feb. 24, 1941.

Kwis, Hudson & Kent, of Cleveland, Ohio (Watts T. Estabrook, of Washington, D. C., and James T. Hoffmann, of Cleveland, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D.C., (Howard S. Miller, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting claims 56, 57, and 58 of appellant's application for a patent upon the ground that said claims are not supported by the disclosure of the application.

It does not appear that any claims have been allowed.

Claims 56 and 58 are illustrative of the subject matter involved and read as follows:

"56. A rotary gear finishing tool comprising a rotary gear having teeth on the periphery thereof, the sides of said teeth having a plurality of substantially parallel serrations extending from the tops to the roots of said teeth forming cutting edges, the sides of said teeth intermediate said serrations forming guiding surfaces, the profile of said gear teeth being of substantially involute form modified therefrom by being hollow at and near the pitch line to an extent ranging from .0003 to .0015 inch to correct for the excess cutting and to provide the desired form of involute on the work gear when said cutter is rolled in mesh with a work gear and a relative feed movement is given parallel to the axis of the work gear.

"58. A gear finishing tool comprising a rotary gear having a series of teeth adapted to mesh with a rotary gear to be finished, and to generate thereon a desired contour, serrations on said teeth providing alternate lands and grooves the edges of said lands providing cutting edges, the profile of said teeth being substantially conjugate to the desired profile on the teeth of the gear to be finished, but modified from the true conjugate by being slightly hollow adjacent the pitch line thereof."

It appears that the claims before us were not in appellant's application as filed, but were copied for purposes of interference from a patent to one Drummond, No. 2,-126,178, August 9, 1938.

For the purposes of this appeal the involved invention is sufficiently set out in the claims.

The claims were rejected because of failure to disclose the limitation set forth in claim 57 as follows: " * * * the profile of said teeth being of substantially involute form, but modified therefrom by being slightly hollow on the pitch line to correct for excess cutting, * * *."

Similar limitations are contained in the other claims.

The only portion of appellant's disclosure pointed out by him as supporting these elements of the claims reads as follows:

" * * * The tool and/or the teeth thereof may also be modified from the theo-

retically correct form to produce modified teeth and/or give a localized bearing."

The patent to Candee, 1,772,585, August 12, 1930, is relied upon by appellant to establish that the term "localized bearing," as used in appellant's specification, has a definite meaning in the practical art. However, appellant's specification makes no reference to the Candee patent.

It is appellant's contention that the hollowing of the teeth is the obvious, if not the only way of producing a localized bearing with the set-up disclosed by appellant. We find nothing in the record to substantiate this contention.

It is elementary that appellant's disclosure must support the claims, and that where positive limitations are set out in the claims he may not rely upon other patents or the knowledge of those skilled in the art to supply the omissions in his own disclosure.

It is clear to us that if appellant, at the time his application was filed, had a conception of the invention embraced in the claims he would have made some attempt to describe it in "full, clear, concise, and exact terms," as the statute requires. This he failed to do.

To now read into his application, by implication, a description of the limitations set out in the claims would not only be in violation of well-established rules of patent law, but would encourage a practice of placing vague and indefinite statements in an application in the hope that the applicant might later get into interference with patents subsequently issued and claim to be the first inventor of an invention of which he had no conception when he filed his application.

It is too clear for argument that appellant's disclosure does not support the claims before us.

We shall conclude with one further observation. Appellant's brief repeatedly states that the Board of Appeals held, in effect, that the only ground of rejection of the claims was that his application did not support the functional statement "to correct for excess cutting." To show how inaccurate this statement is we quote the last paragraph of the board's decision, as follows: "The claims have no definite meaning as based on applicant's specification. Claim 58 is the broadest claim but still contains the limitation as to the teeth being

slightly hollow adjacent the pitch line. The statement quoted from the specification indicates that the tool or teeth may be modified but how either is to be modified is not stated. Nothing is said of involute form or hollowing out to correct for excess cutting."

The decision appealed from is affirmed.

Affirmed.